IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

VALERIE THAYER                                                                    PLAINTIFF

VS.                              CASE NO. 3:16CV00315 PSH

NANCY A. BERRYHILL, Commissioner,
  Social Security Administration                                                  DEFENDANT

ORDER

Plaintiff Valerie Thayer ("Thayer"), in her appeal of the final decision of the Commissioner of the Social Security Administration (defendant "Berryhill") to deny her claim for Disability Insurance benefits (DIB) and supplemental security income (SSI), contends the decision by the Administrative Law Judge ("ALJ") was erroneous because he incorrectly determined her residual functional capacity ("RFC") and failed to fairly and fully develop the record. The parties have ably summarized the medical records and the testimony given at the administrative hearing conducted on September 21, 2015. (Tr. 30-60). The Court has carefully reviewed the record to determine whether there is substantial evidence in the administrative record to support Berryhill's decision. 42 U.S.C. § 405(g). Thayer alleged her disability onset date to be September 9, 2012, so the relevant period for the purpose of this Order is from the onset date through November 12, 2015, when the ALJ issued his ruling.

*Administrative hearing:* Thayer testified she was 38 years old, with a high school education and a certified nurse's assistant ("CNA") license. Although she drives very little due to stress and

1

anxiety, Thayer indicated she has a valid driver's licence. At the time of the hearing, Thayer stated she was working 25 hours per week sitting with her ill mother. She further indicated she last worked as a CNA in 2015, quitting the job because it was too physically demanding. In December 2012 Thayer stated she had back surgery – discectomy. Thayer cited the following barriers to employment: constant back pain precluding her from standing or sitting for long periods; anxiety; post traumatic stress disorder ("PTSD"); bi-polar disorder; and episodes of passing out. Thayer listed her current medications as Oxycodone for pain, Alprazolam, Xanax or Buspar for anxiety, iron, vitamin D, and a multivitamin. Her medications help her "a little bit" for a couple of hours, according to Thayer, and she has no side effects from them. (Tr. 44). Thayer stated she uses a back brace, which was not prescribed by medical personnel.

Thayer lives with her husband and two daughters, aged 13 and 2. She testified to being able to tend to her daily hygiene needs and medications, and to helping with the 2 year old, as well as helping with laundry, dishes, cooking, and shopping. Thayer estimated she could sit up to one hour in a padded chair or stand up to 30 minutes before her back pain would be aggravated. Thayer testified she did not like "to be with people." (Tr. 51). She allowed that she would be unable to perform the job of housekeeper because of the physical demands. (Tr. 30-53).

David Elmore ("Elmore"), a vocational expert, was called to testify. The ALJ asked Elmore to assume a worker of Thayer's age, education, and experience, who could perform sedentary work with numerous restrictions.[1] Elmore testified such a worker could not perform Thayer's past

---

[1] The restrictions were: no climbing or ladders, ropes or scaffolds, and no balancing duties; no more than occasional climbing of ramps and stairs, stooping, crouching, kneeling, and crawling; no exposure to unprotected heights or hazards; no more than occasional changes in the work place; unskilled work where interpersonal contact would be incidental to the work performed; supervision would be simple, direct, and concrete; and the work would have an svp ("specific vocational

relevant work but could perform other jobs in the national economy, such as the jobs of watch crystal attacher or general office clerk. If the hypothetical worker were assumed to be absent more than 3 days a month, or to have the need to lay down or elevate her legs during the work day, Elmore stated the jobs previously identified would not be available. (Tr. 54-59).

*ALJ's Decision:* In his November 2015 opinion, the ALJ found Thayer had severe impairments of lumbar spine degenerative disc disease, status post discectomy, and PTSD. He addressed Thayer's hypoglycemia and episodes of syncope, finding them non-severe because they were not of a sufficient duration to qualify as severe. The ALJ found Thayer had the RFC to perform sedentary work with the limitations which mirrored his question posed to the vocational expert and listed in footnote one herein. The ALJ found Thayer's administrative hearing testimony was "not entirely credible," citing the objective medical evidence which included a possible reference to malingering in the records, as well as Thayer's daily activities, her work activity after her onset date, and her work activity at the time of the administrative hearing. (Tr. 19). The ALJ also considered the witness statement submitted by Thayer's husband, finding it was "partially credible." (Tr. 21). The ALJ focused on the findings of Thayer's treating and consulting physicians.[2] Finally, the ALJ assigned little weight to the findings of the state agency physicians regarding their opinion that Thayer could perform light work. The ALJ assigned great weight to the state agency psychologists' findings regarding Thayer's mental RFC, concluding these findings were

---

preparation") rating of 1 or 2 and the job could be learned within 30 days. (Tr. 56).

[2] No treating or consulting physician opined Thayer was unable to work for twelve consecutive months during the relevant time period. Treating physician Kristi Statler ("Statler") wrote on June 24, 2015 that Thayer "has been unable to work due to Syncopal Episodes" and was currently undergoing testing. (Tr. 453).

3

thorough and "supportable." (Tr. 21).

**The ALJ erred in finding Thayer can perform sedentary work with restrictions:**

Thayer challenges both the physical and mental components of the ALJ's RFC determination. Initially, we note that the RFC need not mirror the findings of any one physician, as the ALJ is not bound to choose any one physician and adopt his/her findings as the appropriate RFC. Instead, it "is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). Here, the ALJ found Thayer capable of performing sedentary work with the numerous limitations already recited herein. These limitations were related to both Thayer's back issues and her mental/emotional issues. In reaching the RFC determination, the ALJ examined Thayer's medical records in detail.

*Physical component of the RFC:* The ALJ found Thayer had the severe physical impairment of lumbar spine degenerative disc disease, status post discectomy. In reviewing the medical evidence, the ALJ cited the December 2012 lumbar surgery and the follow up appointments in January and March 2013. Thayer reported "excellent relief of leg pain" in January and no leg pain, numbness, or tingling in March 2013. (Tr. 381). At her March appointment, she also indicated she was "doing her normal activities without much difficulty." (Tr. 379). Thayer's next medical appointment was fourteen months later, in May 2014, when she was seen at NEA Baptist Clinic as a new patient. She complained of epigastric pain and stated she still had low back pain, as well as stomach pains, chest discomfort and shortness of breath. On physical examination, Dr. Gordon Akin ("Akin") recorded that Thayer's "response to physical examination appears to be exaggerated." (Tr.

4

376). Akin assessed Thayer as "overall appears healthy but quite anxious," and diagnosed her with chronic PTSD and postlaminectomy syndrome. *Id.* Thayer was seen again at NEA Baptist Clinic in July 2014 for gallbladder problems. She was assessed as well developed, well nourished, with full range of motion and muscle strength and tone equal bilaterally. (Tr. 373). Thayer was seen by Statler several times in 2015, and complained of passing out in June 2015. A June 2015 mammogram was benign, and a June 2015 EEG was normal.

The ALJ thoroughly considered the medical evidence, as well as the other evidence of record, and concluded Thayer had the RFC to perform sedentary work with numerous restrictions. Substantial evidence supports the ALJ's conclusion. The parties quarrel over the weight to be given to the May 2014 notation that Thayer's response to physical examination appeared to be exaggerated. The ALJ construed this as evidence of "possible malingering or misrepresentation" and Thayer disagrees with this characterization. The undersigned places no value on whether this entry shows Thayer was malingering. Regardless of how this entry was construed, the overall medical evidence strongly supports the physical component of the RFC. In particular, the ALJ rightly cited Thayer's daily activities, her work activity after the onset date, and her work activity at the time of the administrative hearing. The elements of the physical RFC are not onerous, and there is no error in the ALJ's finding that Thayer could perform sedentary work with numerous restrictions.

*Mental component of the RFC:* The ALJ included numerous mental restrictions in the type of work which Thayer could perform: the work could involve no more than occasional changes; would be unskilled work where interpersonal contact would be incidental to the work performed; supervision would be simple, direct, and concrete; the work would have an svp rating of 1 or 2; and

5

the job could be learned within 30 days. These restrictions were concessions to Thayer's anxiety issues relating to her severe impairment of PTSD. Our inquiry is whether substantial evidence supports the ALJ's restrictions in this regard. The ALJ gave "great weight" to the findings contained in the consultative psychological assessment of Dr. Catherine Hubbard Adams ("Adams"). In September 2014, Adams diagnosed Thayer with PTSD, ruled out personality disorder, and made the following specific findings concerning adaptive functioning: Thayer's mental impairments interfere with age-appropriate chore completion and driving, her interactions were mostly socially appropriate, she communicated in a manner that was effective and intelligible, she seems to have severe difficulty coping with work-type demands, she seems to have mild difficulty attending and sustaining concentration on basic tasks, she seems to have moderate difficulty sustaining persistence in completing work tasks, and she seems to have moderate difficulty completing tasks within an acceptable time frame. (Tr. 389-393).

The ALJ noted Thayer to have normal affect and mood during visits to Statler in September 2012 and June 2014, and to have received no other counseling or other forms of therapy for PTSD. The ALJ also cited Thayer's daily activities to support his conclusion that she could perform the work activities described in the initial hypothetical question posed to Elmore. We find substantial evidence supports the ALJ's decision in this regard. The ALJ adequately accounted for Thayer's mental limitations by incorporating many restrictions in the type work which she could perform. There was no error in this regard.

**The ALJ failed to fairly and fully develop the record:**

The parties agree the ALJ is duty bound to develop the record fully and fairly. *Stormo v. Barnhart*, 377 F.3d 801 (8th Cir. 2004). Thayer urges the record was inadequate because there was no opinion

from a treating or examining doctor regarding her work-related limitations. However, such an opinion is not a prerequisite to the ALJ determining a claimant's RFC. *Cox v. Astrue*, 495 F.3d 614 (8th Cir. 2007). The objective medical evidence in this case, including a mental consultative examination, was ample and the ALJ's decision was well-informed. *See Martise v. Astrue*, 641 F.3d 909, 926-27 (8th Cir. 2011) (ALJ not required to order additional medical exams unless the existing medical record is insufficient). Under these circumstances, we find no error in the ALJ's reliance upon the record before him.

In summary, we find the ultimate decision of Berryhill was supported by substantial evidence. We are mindful that the Court's task is not to review the record and arrive at an independent decision, nor is it to reverse if we find some evidence to support a different conclusion. The test is whether substantial evidence supports the ALJ's decision. *See, e.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012). This test is satisfied in this case.

IT IS THEREFORE ORDERED that the final decision of Berryhill is affirmed and Thayer's complaint is dismissed with prejudice.

IT IS SO ORDERED this 11th day of June, 2017.

_____
UNITED STATES MAGISTRATE JUDGE